## AMANDA N. EARLE vs. ICHABOD WASHBURN & another.

A legal and equitable estate are not merged by being united in the same person, if justice requires that they shall be kept separate.

If land is held by trustees for the use of a religious society, with authority to convey the same to the society whenever they shall believe such a step to be judicious and useful, and the trustees accordingly convey the same afterwards to the society, which thereupon on the same day executes a mortgage thereof to a third person, and immediately reconveys the equity of redemption to the trustees, to be held upon the same trusts as before, no legal estate remains in the society which is liable to be seized on execution.

WRIT OF ENTRY to recover a parcel of land in Worcester.

At the trial in the superior court, before *Vose*, J., it appeared that on the 8th of December 1853 John Davis conveyed the premises to the tenants in trust for the sole use and enjoyment of the Zion's Methodist Society, a religious association of colored persons in Worcester, not then organized as a parish, adding thereto the condition " that said trustees be fully empowered to convey [the same] to said society, whenever they shall believe such a step to be judicious and useful; " that on the 29th of October 1855 the trustees conveyed the premises to the society, which had previously been organized as a parish, reciting that they believed it to be judicious and useful that this conveyance be made ; that at the same time the parish executed a mortgage of the premises to John Howe, to secure a sum of money borrowed from him ; that at the same time the parish reconveyed the premises, subject to the mortgage, to the trustees, to be held by them upon the same trusts as before, reciting in the deed that the premises had been " conveyed to said society in order to enable them to make and execute a mortgage thereof to John Howe, which has been duly executed and delivered; " that afterwards a creditor of the parish levied an execution upon the premises as the property of the parish, and the equity of redemption was sold and conveyed to the demandant in due form ; and that the trustees conveyed the premises to the parish with the understanding that the latter should execute the mortgage to Howe, and simultaneously reconvey the same to them.

Upon these facts, the judge directed a verdict for the tenants, which was rendered accordingly; and the demandant alleged exceptions.

*T. L. Nelson,* for the demandant. Under the original deed to the trustees, the parish, succeeding to the rights of the former society, took an equitable fee simple. 1 Cruise Dig. (Greenl. ed.) tit. xii. *c.* 2, §§ 1–4. *Holland* v. *Cruft,* 3 Gray, 162, 175. *Orleans* v. *Chatham,* 2 Pick. 29. *Newhall* v. *Wheeler,* 7 Mass. 189. This estate is liable for debts of the *cestuis que trust. Russell* v. *Lewis,* 2 Pick. 508. *Howe* v. *Bishop,* 3 Met. 26. *Pritchard* v. *Brown,* 4 N. H. 397, 402. Gen. Sts. *c.* 103, § 1; *c.* 113, § 2. By the conveyance to the society, the legal and equitable estates became merged. 1 Cruise Dig. (Greenl. ed.) tit. xii. *c.* 2, § 34. By the deed of the equity of redemption, the tenants became seised of a use, for the benefit of the parish, which was immediately executed by the statute of uses, and vested the estate in the parish. *Morgan* v. *Moore,* 3 Gray, 319. *Thatcher* v. *Omans,* 3 Pick. 521. *Williams* v. *Waters,* 14 M. & W. 166.

If the above view is not sustained, the effect of the transaction was to satisfy the trust created by the original deed, and vest in the trustees a different estate clothed with a new trust; and the reconveyance by the society was without consideration, and therefore void. *Gunn* v. *Butler,* 18 Pick. 248.

*G. F. Hoar,* for the tenants, cited *Newhall* v. *Wheeler,* 7 Mass. 189; *Norton* v. *Leonard,* 12 Pick. 152; *Holland* v. *Cruft,* 3 Gray, 175; *Forbush* v. *Willard,* 16 Pick. 42.

CHAPMAN, J. The deed of John Davis to the tenants conveyed to them an estate in trust. It was expressed to be in trust for the sole use and enjoyment of Zion's Methodist Society, a religious association of colored persons in Worcester, not then incorporated, and with authority to convey the property to the society whenever they should believe such a step to be judicious and useful. The terms are very similar to those of the deed mentioned in *Attorney General* v. *Federal Street Meeting-House,* 3 Gray, 1, which was held to convey an estate in trust. It is manifest in the present case that the grantor did not intend that the legal estate should pass to the society till the trustees

should have exercised their judgment in the matter and have actually made a conveyance, and the estate is not to be regarded as a use executed by the statute of uses, unless it appears that the grantor intended it to be executed. *Gregory* v. *Henderson*, 4 Taunt. 772. The estate of the *cestuis que trust* was not liable to be extended on by their creditors. *Russell* v. *Lewis*, 2 Pick. 508.

But the society built a house upon it, and were desirous of obtaining credit for a portion of the expense by mortgaging the property. To effect this object, certain deeds were made on the 29th of October 1855. The trustees released to the society; the society executed a mortgage to Howe, and then reconveyed the property, subject to this mortgage, to the trustees, to hold in the same manner as before.

The presiding judge correctly ruled that this transaction was not fraudulent as to creditors. It could not tend to hinder or delay them in the collection of their debts; for the property was not and had never been subject to the claims of creditors.

It is contended, however, that the legal operation of the transaction was such as to subject the property to these claims. It is said that the conveyance by the tenants to the society, vesting the legal estate, merged the equitable estate in it, and thus extinguished the trust, so that it could not be revived again. It is contended that this is the technical effect of the two estates coming together in the society. But while this is generally the effect, it is not always so. The doctrine is stated in 2 Washburn on Real Prop. 203, as follows: " But there is, after all, a principle recognized by courts of equity which controls their decisions in all questions of merger of the equitable in the legal estate, and that is, that if it is necessary for purposes of justice, or to effect the intent of the donor, that the two estates should be kept distinct, there will be no merger by their merely coming together in one person." This position is sustained by the citation of numerous authorities. In *Gibson* v. *Crehore*, 3 Pick. 475, there cited, the two estates remained permanently in the same person. In this case, the legal estate merely passed through the society to the mortgagee, and their seisin was but

momentary. As a part of the same transaction they restored the estate to their grantors, subject to the mortgage. It is contended that by the deed of the society the tenants became seised of a use for the benefit of the society which was immediately executed by the statute of uses, and thus revested the estate in the society. But the deed was made for a valuable consideration, the conveyance to the society being such, and the reconveyance is for the expressed intent that they may hold the estate upon the same trusts as before. The court are of opinion that the law does not interpose any technical rule to defeat the intent of the parties ; and that as the parties intended to continue the existence of the trust subject to the mortgage, and used appropriate language to effect their intent, the law does not defeat it by executing a use.

The equity of redemption being thus held by the tenants, the levy of the demandant's execution was not valid.

*Exceptions overruled.*